Brian K. Condon (BC 4683)
CONDON RESNICK, LLP
96 South Broadway
Nyack, New York 10960
(845) 358-8900 Telephone
(845) 358-8901 Facsimile

*Attorneys for Plaintiff, EPIC Security Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EPIC SECURITY CORP.,                                              Civil Action No. 08 CIV 6521

                      Plaintiff,
                                                          **AMENDED**
                                                           **VERIFIED COMPLAINT**

   -against-


YELLOWPAGES.COM, LLC., AT&T, CORP.
and WEST END PROTECTIVE SERVICES INC.,

                      Defendants.
---------------------------------------------------------------X

## THE PARTIES AND JURISDICTION

      1.     The Plaintiff, EPIC SECURITY CORP. at all times hereinafter mentioned, was and still is a domestic corporation existing under the laws of the State of Delaware, with its principal office and place of business at 2067 Broadway, New York, New York 10023.

      2.     The Defendant, YELLOWPAGES.COM, LLC, at all times hereinafter mentioned is a foreign corporation organized and existing under the laws of the State of Delaware, with offices at 460 Park Avenue, 18th Floor, New York, New York 10022.

3. The Defendant, AMERICAN TELEPHONE AND TELEGRAPH COMPANY d/b/a AT&T CORP., at all times hereinafter mentioned is a foreign corporation organized and existing under the laws of the State of Delaware, with offices at 33 Thomas Street, New York, New York 10007.

4. The Defendant, WEST END PROTECTIVE SERVICES INC., at all times hereinafter mentioned is a domestic corporation organized and existing under the laws of New York, with its principal place of business at 55 Cliff Street, Staten Island, New York 10305.

5. This is an action for trademark infringement, service mark infringement, unfair competition, trademark dilution, injury to business reputation, and deceptive trade practices arising under the common law, the statutes of New York and the Federal Trademark Act, 15 U.S.C. §§1051, et seq. This Court possesses jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and §1331, 17 U.S.C. §101, et seq. and 28 U.S.C. §§1331, 1332 and 1338(a) and (b).

6. All other claims asserted in this action arise out of the same transaction or occurrence, so that this Court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. 1367.

**PLAINTIFF'S MARKS**

7. Plaintiff, EPIC SECURITY CORP. ("EPIC"), is a Security Guard company which has its principal offices in Manhattan, New York.

8. On September 9, 1980, EPIC had filed its name and design with the United States Patent and Trademark Office (Reg. No. 1,139,518). A copy of the Service Mark Principal Register is annexed hereto as Exhibit **"A"**.

9.      EPIC claims exclusive right to the use of the "Bullseye Crosshairs" for providing security systems, services, equipment and personnel and security guards.

10.     EPIC claims exclusive right to the use of this specific "Bullseye Crosshairs" in its advertising.

11.     On or about 1993, EPIC had designated its phrase "TOP SECURITY at UNBEATABLE RATES" as a service mark of EPIC and places a "sm" next to that phrase in all of its advertising.

12.     EPIC claims exclusive right to the use of this specific phrase in its advertising.

13.     EPIC is arguably one of the largest and most recognized Security Guard companies on the East Coast.  Since its incorporation EPIC has spent millions of dollars on advertising, including coming up with a unique name, logo, uniformed security guard designs and phrases which are exclusively identifiable as EPIC.

14.     These millions of dollars have been spent in establishing EPIC's "Bullseye Crosshairs" and phrase "TOP SECURITY at UNBEATABLE RATES" so that the general public recognizes the words and symbols as identifying the Plaintiff and the quality services it renders.

15.     Plaintiff has widely used these trademarks in literature and advertising by which the appearance of the trademarks have been recognized in the trade and by the public at large as identifying services sold by the Plaintiff.

16.     All of the marks covered by all of the registrations appears in the Plaintiff's advertising and literature with the registration symbol.  (A copy of the Plaintiff's Yellowpages.com advertisement is annexed hereto as Exhibit **"B")**.

**INFRINGEMENTS BY DEFENDANTS**

17.  Notwithstanding Plaintiff's well known and prior common-law and statutory rights to use its "Bullseye Crosshairs" and the phrase "TOP SECURITY at UNBEATABLE RATES" as service marks, trademarks, collective marks, and collective membership marks, the Defendants, with actual knowledge of Plaintiff's marks and rights, and with constructive notice of Plaintiff's Federal Registration rights under 15 U.S.C. § 1072, adopted and used the service marks, each of which constitutes a clear and direct copying and imitation of the Plaintiff's marks in connection with their security companies.

18.  The Defendants have embarked on a course of action designed to infringe Plaintiff's marks, to trade on the Plaintiff's good will, reputation, and service marks, to palm off their services as the services of the Plaintiff, to create a likelihood of confusion as to origin, sponsorship, or endorsement, and otherwise to compete unfairly with Plaintiff.

    **A.**    **YELLOWPAGES.COM, LLC.**

19.  Upon information and belief, Yellowpages.com LLC. ("YELLOWPAGES") has offices at 460 Park Avenue - 18th Floor, New York, New York 10022.

20.  Upon information and belief, YELLOWPAGES knowingly and purposefully stole EPIC's Federally protected service marks and sold them to the Defendant WEST END PROTECTIVE SERVICES, INC. ("WEST END") for use in the Defendant WEST END's respective advertising with YELLOWPAGES.

B. **AT&T INC.**

21. Upon information and belief, AT&T CORP. ("AT&T") has offices at 33 Thomas Street, New York, New York 10007.

22. Upon information and belief, AT&T through YELLOWPAGES, a wholly owned subsidiary of AT&T, knowingly and purposefully stole EPIC's Federally protected service marks and sold them to the Defendant WEST END for use in the Defendant WEST END's respective advertising with YELLOWPAGES.

D. **WEST END PROTECTIVE SERVICES, INC.**

23. As is detailed on the YELLOWPAGES website listing, WEST END is conducting business and advertising for services of armed and/or unarmed security guards under EPIC's Trademark. WEST END's advertising uses the same "Bullseye Crosshairs" which EPIC had trademarked back in September, 1980. A copy of WEST END's YELLOWPAGES advertisement is annexed as Exhibit **"C"**.

24. Furthermore, WEST END is conducting business and advertising for services of armed and/or unarmed security guards under EPIC's service mark.

25. WEST END's advertising contains the phrase "BEST POSSIBLE SECURITY SERVICE at THE MOST COMPETITIVE PRICES", see Exhibit **"C"**.

26. As is evidenced in Exhibit **"B"**, EPIC's advertisement contains the service mark 'TOP SECURITY at UNBEATABLE RATES".

## COUNT I

SERVICE MARK INFRINGEMENT AGAINST YELLOWPAGES, AT&T and WEST END

27.     Plaintiff realleges Paragraph "1" through "26" of this Complaint as if they were fully set forth herein.

28.     WEST END's Bullseye Crosshairs and its claim of "BEST POSSIBLE SECURITY at THE MOST COMPETITIVE PRICES, as used by YELLOWPAGES, AT&T, and WEST END and those in concert with them, is identical to the registered service marks of Plaintiff and service marks of Plaintiff.

29.     WEST END offers and performs identical security services to the public and moves in identical channels of trade as Plaintiff.

30.     Plaintiff has never given written or oral consent or a license to YELLOWPAGES, AT&T and WEST END to use its service marks in any manner or form whatsoever.

31.     The use of Plaintiff's service mark, and any colorable variation of it by the Defendants, is likely to cause mistake or confusion or deception in the minds of the public and constitutes an infringement of Plaintiff's United States Service Mark Registration No. 1,139,518.

32.     EPIC's "Bullseye Crosshairs" marks are valid and entitled to protection because they were registered with the United States Patent and Trademark Office on September 9, 1980

33.     The phrase TOP SECURITY at UNBEATABLE RATES is entitled to protection as an identified service mark of the Plaintiff.

34. By letters dated November 5, 2007 and November 17, 2007, Plaintiff has repeatedly requested that the Defendants cease and desist using Plaintiff's service marks, copies of which are annexed hereto as Exhibits **"D"** and **"E"** respectively.

35. The Defendants have refused to cease their conduct. By this conduct, Defendants have made substantial profits to which they are not in equity or good conscience entitled.

36. The infringements charged above are knowing and willful infringements.

37. Defendants' unauthorized use of the marks infringe upon the Plaintiff's trademark rights under 15 U.S.C. §1141(1).

38. The Plaintiff is, therefore, entitled to preliminary and permanent injunctive relief and money damages.

## COUNT II

### COMMON LAW TRADEMARK INFRINGEMENT, COMMON LAW AND STATUTORY UNFAIR COMPETITION AGAINST YELLOWPAGES, AT&T and WEST END

39. Plaintiff realleges Paragraph "1" through "38" of this Complaint as if they were fully set forth herein.

40. As a result of the association by the public of EPIC's "Bullseye Crosshairs" and TOP SECURITY at UNBEATABLE RATES marks with Plaintiff, Defendants' use and sale of the same services is likely to cause confusion, mistake and to deceive.

41. Defendants have sold their services using Plaintiff's service marks in their advertising and promotions with full prior knowledge of Plaintiff's use and using Plaintiff's reputation in the Security Guard industry.

42. Defendants' sale of its services using Plaintiff's service marks were for the willful and calculated purpose of trading on Plaintiff's trademarks and business reputation as one of the largest and most prestigious security guard companies in the United States.

43. Defendants have willfully promoted their services in such a manner so as inevitably to suggest association, affiliation, or sponsorship with, or approval by, Plaintiffs and so to cause, or be likely to cause, confusion, or mistake among purchasers as to origin of Defendants' services, all to the Defendants' gain and Plaintiff's damage.

44. The conduct of the Defendants violates and constitutes infringement of Plaintiff's common law rights in EPIC's "Bullseye Crosshairs" and TOP SECURITY at UNBEATABLE RATES marks and constitutes improper and unfair competition with Plaintiff under the laws of the State of New York. The Defendants' conduct has damaged and will continue to damage Plaintiff's good will and reputation to the irreparable injury unless restrained by this Court. Plaintiff has no adequate remedy at law.

45. The Plaintiff is, therefore, entitled to preliminary and permanent injunctive relief and money damages.

## COUNT III

FEDERAL UNFAIR COMPETITION AGAINST YELLOWPAGES,
AT&T and WEST END

46.     Plaintiff realleges Paragraph "1" through "45" of this Complaint as if they were fully set forth herein.

47.     Defendants have caused EPIC's "Bullseye Crosshairs" and TOP SECURITY at UNBEATABLE RATES to enter into interstate commerce with reproductions of Plaintiff's renowned service marks.

48.     The use of the EPIC's "Bullseye Crosshairs" and TOP SECURITY at UNBEATABLE RATES trademarks is a false description and representation that the Defendants' services are sponsored by or affiliated with Plaintiff.

49.     Defendants have adopted and used reproduction of the Plaintiff's "Bullseye Crosshairs" and TOP SECURITY at UNBEATABLE RATES marks as the dominant indication of source in connection with the promotion and sales in commerce of its services, with full knowledge of the long and extensive prior use of those trademarks by Plaintiff.  Further, Defendants have willfully promoted the sale in commerce of its product using reproductions of Plaintiff's trademarks in such a manner so as to falsely designate origin or association with Plaintiff's famous name and trademarks, and with Plaintiff's services, and so as inevitably to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendants' services, all to Defendants' profit and Plaintiff's great damage.

50.     These acts of unfair competition by Defendants have caused and are continuing to cause irreparable injury to the reputation which Plaintiff has established over the years.

## COUNT IV

NEW YORK STATE TRADEMARK INFRINGEMENT AGAINST
YELLOWPAGES, AT&T and WEST END

51.     Plaintiff realleges Paragraph "1" through "50" of this Complaint as if they were fully set forth herein.

52.     Defendants' use in the State of New York of reproductions of the EPIC's "Bullseye Crosshairs" and TOP SECURITY at UNBEATABLE RATES marks infringes upon Plaintiff's rights in their state registered marks and, therefore, is in violation of trademark laws of the State of New York, and more particularly New York General Business Law §133.

53.     By letters dated November 5, 2007 and November 17, 2007, Plaintiff has repeatedly requested that the Defendants cease and desist using Plaintiff's service marks, copies of which are annexed hereto as Exhibits **"D"** and **"E"** respectively.

54.     The Defendants have refused to cease their conduct.  By this conduct, Defendants have made substantial profits to which they are not in equity or good conscience entitled.

55.     The Plaintiff is, therefore, entitled to preliminary and permanent injunctive relief and money damages.

# COUNT V

## FEDERAL TRADEMARK DILUTION AGAINST YELLOWPAGES, AT&T and WEST END

56. Plaintiff realleges Paragraph "1" through "55" of this Complaint as if they were fully set forth herein.

57. Defendants' conduct will cause a likelihood of dilution of the distinctive and valuable quality of Plaintiff's trademarks. In the trade, EPIC is well known throughout the Northeast as one of the largest and most prestigious security guard companies.

58. As a result of the Plaintiff's extensive marketing program, EPIC's "Bullseye Crosshairs" and TOP SECURITY at UNBEATABLE RATES marks have become synonymous in the minds of the public with EPIC.

59. Defendants' use of the aforementioned marks is a commercial use of the Plaintiff's mark.

60. Defendants' use of the marks causes a dilution of the distinctive quality of the marks because it lessens the capacity of the marks to identify or distinguish EPIC.

61. Defendants' unauthorized use of the marks causes a dilution of the marks in violation of 15 U.S.C. §1125(c)(1)

62. The Plaintiff is, therefore, entitled to preliminary and permanent injunctive relief.

**COUNT VI**

NEW YORK TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION
AGAINST YELLOWPAGES, AT&T and WEST END

63.     Plaintiff realleges Paragraph "1" through "62" of this Complaint as if they were fully set forth herein.

64.     Defendants' conduct will cause a likelihood of dilution of the distinctive and valuable quality of Plaintiff's trademarks and a likelihood of injury to Plaintiff's business reputation in violation of the State of New York, particularly General Business Law § 360.1, unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

65.     The Plaintiff is, therefore, entitled to preliminary and permanent injunctive relief and money damages.

**COUNT VII**

DECEPTIVE TRADE PRACTICES AGAINST YELLOWPAGES,
AT&T and WEST END

66.     Plaintiff realleges Paragraph "1" through "65" of this Complaint as if they were fully set forth herein.

67.     By reason of the conduct set forth in this Complaint, Defendants have and are engaged in deceptive trade practices within the meaning of the Uniform Deceptive Trade Practices Act and pursuant to General Business Law §§ 349, 350.

68.     Defendants' use of reproduction of Plaintiff's "Bullseye Crosshairs" and TOP SECURITY at UNBEATABLE RATES trademarks in the advertising, marketing and sale of its services, in the manner alleged, constitutes deceptive trade practices within the meaning of the laws of the State of New York, particularly General Business Law §§ 349, 350, in that the use

causes likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants' services and causes likelihood of confusion or misunderstanding as to affiliation, connection or association of Defendants with Plaintiff.

**PRAYER**

Plaintiff prays for:

1. That Defendant YELLOWPAGES.COM, LLC. immediately remove any infringing advertising of WEST END PROTECTIVE SERVICES, INC. from its www.YELLOWPAGES.com website;

2. That the Defendants, and each of them, their agents, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and, after trial, permanently enjoined and restrained from:

   a. Using the registered "Bullseye Crosshairs" mark or the TOP SECURITY at UNBEATABLE RATES mark or any other confusingly similar designation alone or in combination with other words or with graphic symbols or logotypes, to market, advertise, or identify the Defendants' services in the security industry;

   b. Otherwise infringing Plaintiff's marks;

   c. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's marks identified in this Complaint.

3. That the Defendants be directed to file with the Court and serve on Plaintiff 30 days after injunction, a report in writing under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction.

4. An accounting for damages and profits arising from Defendant's infringement and unfair competition.

5. That the Defendants be required to pay all damages suffered by the Plaintiff. In view of the willful acts of the Defendants, Plaintiff requests that the Court treble the amount found as damages.

6. That the Defendants be required to deliver up and destroy all products, labels, packages, literature, advertising materials, and any other items incorporating or bearing a representation of the registered Bullseye crosshairs or the TOP SECURITY at UNBEATABLE RATES mark or any facsimile of them.

7. That the Defendants be required to pay the costs incurred by the Plaintiff in connection with this action, including all court costs, expenses, and reasonable attorneys fees incurred in connection with this action.

8. That the Plaintiff have any other relief that may be necessary and proper.

Dated: Nyack, New York
July 23, 2008

          Yours, etc.

          CONDON RESNICK, LLP

          By: _____s/_____
                Brian K. Condon (BC 4683)
          96 South Broadway
          Nyack, New York 10960
          (845) 358-8900

          *Attorney for Plaintiff, EPIC Security Corp.*